UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLARISSA TURNER,** ) | **CASE NO. 1: 19 CV 298** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **LATRAY NEW SPIRIT CHURCH,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro Se* Plaintiff Clarissa Turner has filed an *in forma pauperis* civil Complaint in this matter against Latray New Spirit Church. (Doc. No. 1.) Her Complaint does not set forth comprehensible factual allegations or legal claims. Plaintiff purports to seek $75 million in damages from Latray New Spirit Church for a "burning chemical" on her body, starting in 2006. (*See id*. at 4).

Although the standard of review for *pro se* pleadings is liberal, the generous

construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (Section "1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Even according the Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, it does set forth allegations sufficient to suggest any plausible federal claim. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Additionally, the Complaint falls within the realm of frivolousness.

## Conclusion

Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, but her Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** June 3, 2019